UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE
CIVIL ACTION NO. _____



3:16 cv 136
McDonough/Shirley

PHILLIS S. BYRGE on behalf of the Estate of )
REDDIN BYRGE, )
)
*Plaintiff*; )
)
v. )
)
PREMIUM COAL CO., INC. )
)
and )
)
OLD REPUBLIC INSURANCE CO., INC., )
)
*Defendants*. )

# COMPLAINT

1. The Plaintiff, Phillis S. Byrge, brings this action to enforce payment of additional compensation and interest imposed by law. The additional compensation and interest arise from the late payment by defendant Old Republic Insurance Co., Inc. ("Defendant-Carrier") of monthly monetary benefits awarded under the Black Lung Benefits Act, 30 U.S.C. §§ 901–44, against its insured, Premium Coal Co. Inc. ("Defendant-Employer").

2. Federal law imposes the Defendants' liabilities for additional compensation. *See* Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 914(f), *incorporated by reference into* the Black Lung Benefits Act, 30 U.S.C. § 932(a); 20 C.F.R. § 725.607.

3. Federal law also imposes the Defendants' liabilities for interest. 30 U.S.C. § 932(d); 20 C.F.R. § 725.608.

## JURISDICTION AND VENUE

4. The Plaintiff's deceased husband, Reddin Byrge, worked as a coal miner in Tennessee for the Defendant-Employer, Premium Coal Co. The injury occurred in Campbell and Anderson Counties, Tennessee, in this judicial district.

5. The Court has jurisdiction under 33 U.S.C. § 921(d), *incorporated by reference into* 30 U.S.C. § 932(a), and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

7. The Plaintiff, Phillis S. Byrge, is a natural person residing at 5455 Stoney Fork Rd., Caryville, TN (Campbell County).

8. The Defendant-Employer, Premium Coal Co., is a corporation organized in Tennessee that was doing business in Campbell and Anderson Counties. The Defendant-Employer's mailing address and principal office is 302 Jefferson St., Roanoke, VA 24011-1711. The registered agent is C T Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710.

9. The Defendant-Carrier, Old Republic Insurance Co., is a corporation organized in Pennsylvania. The Defendant-Carrier's mailing address is PO Box 2200, Greenburg, PA 15601 and its principal office is 133 Oakland Ave., Greenburg, PA 15601. Its registered agent is The Prentice-Hall Corporation System, Inc., 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

## STATEMENT OF FACTS

10. The Plaintiff's deceased husband, Reddin Byrge, worked for Defendant-Employer Premium Coal.

11. Mr. Byrge filed a claim for benefits under the Black Lung Benefits Act with the U.S. Department of Labor in June 2010. The Director of the Office of Workers' Compensation Programs ("Director, OWCP"), U.S. Department of Labor, administers the Black Lung Benefits Act. The Director, OWCP's District Director's office found on April 15, 2011 that Mr. Byrge was entitled to black lung benefits. The Defendants then sought a formal hearing before an administrative law judge ("ALJ").

12. On January 16, 2013, the ALJ awarded benefits to Mr. Byrge going back to June 2010. The amount of monthly monetary benefits is set by statute as 37.5% of the base salary of a federal employee at level GS-2, step 1, increased by 50% to account for Mr. Byrge's dependent spouse. *See* 30 U.S.C. § 922.

13. Shortly thereafter, the ALJ's decision and order was filed in the office of the District Director. The District Director's office sent a pay order to the Defendants.

14. On February 11, 2013, the Defendants appealed the ALJ's order to the U.S. Department of Labor's Benefits Review Board. The Board acknowledged the appeal on March 18, 2013.

15. The defendants refused to pay Mr. Byrge's benefits while its appeal was pending even though they did not receive a stay of the ALJ's order pending appeal. As a result, the U.S. Department of Labor's Black Lung Disability Trust Fund—which is administered by the Director, OWCP—stepped in and made interim payments to Mr. Byrge.

16. After briefing, the Benefits Review Board affirmed the ALJ's award of benefits on February 24, 2014. The Defendants sought reconsideration, which the Board summarily denied on May 28, 2014.

17. The Defendants then petitioned the U.S. Court of Appeals for the Sixth Circuit on July 23, 2014.

18. On February 23, 2015, Mr. Byrge passed away.

19. The Sixth Circuit affirmed Mr. Byrge's award of benefits on July 20, 2015. *See Premium Coal Co. v. Director, OWCP [Byrge]*, 619 F. App'x 447 (6th Cir. 2015). The defendants did not seek further review of Mr. Byrge's award and the Sixth Circuit issued its mandate on September 11, 2015.

20. On October 28, 2015, the District Director's office issued a pay order to the Defendants regarding Mr. Byrge's claim. The pay order instructed the Defendants to repay the Trust Fund for, among other things, $52,676.50 in interim payments that the Trust Fund made to Mr. Byrge for the period from June 2010 to January 2016.

## CAUSES OF ACTION

*First Cause of Action - 20% Additional Compensation*

The Plaintiff incorporates and realleges ¶¶ 1–20 by reference.

21. As noted above, after the ALJ's award of benefits to Mr. Byrge, the U.S. Department of Labor ordered the defendants to pay retroactive benefits to Mr. Byrge and to begin making monthly benefits.

22. If benefits "are not paid by an operator or other employer ordered to make such payments within 10 days after such payments become due, there shall be added to such unpaid benefits an amount equal to 20 percent thereof." 20 C.F.R. § 725.607(a); *see also* 33 U.S.C. § 914(f), *incorporated by reference into* 30 U.S.C. § 932(a).

23. From February 2013 until February 2015, the defendants did not pay Mr. Byrge his benefits within 10 days of being due.

24. As calculated by the District Director's office in its October 2015 pay order, the total amount of benefits payable to Mr. Byrge during this period was $52,676.50.

–4–

25. The 20% additional compensation that Mr. Byrge's estate is entitled to is therefore $10,535.30, which is 20% of $52,676.50.

26. The fact that the Trust Fund made interim payments to Mr. Byrge while his case was pending does not affect the Defendants' responsibility to pay the 20% additional compensation. As 20 C.F.R. § 725.607(b) provides, if "benefit payments are made by the fund, the eligible claimant shall nevertheless be entitled to receive such additional compensation to which he or she may be eligible under paragraph (a) of this section, which respect to all amounts paid by the fund on behalf of such operator."

*Second Cause of Action - Interest Due on Additional Compensation*

The Plaintiff incorporates and realleges ¶¶ 1–26 by reference.

27. The Defendants owe Mr. Byrge's estate interest on the additional compensation that has been owed but not paid.

28. The Defendants owe interest at the rate provided by 26 U.S.C. § 6621 running from the date that the right to each month's 20% interest first arose. *See* 20 C.F.R. § 608(a)(3).

29. The Defendants thus owe interest to be calculated on the date of entry of judgment by this Court upon the $10,535.30 in additional compensation as it grew month by month, and continuing until the judgment is paid.

**Prayer for Relief**

WHEREFORE, the Plaintiff requests the following relief from this Court:

1. Judgment to the Estate of Reddin Byrge in the amount of $10,535.30, plus continuing interest until the judgment is paid;

2. Reimbursement to the Plaintiff for the costs of this litigation;

3. An award of attorneys' fees for legal services required in connection with this action; and

4. Any and all other relief to which the plaintiff may be entitled;

Respectfully submitted,

_____
EVAN B. SMITH (Ky. #95243)
APPALACHIAN CITIZENS' LAW CENTER
317 Main Street
Whitesburg, Kentucky 41858
(606) 633-3929
evan@appalachianlawcenter.org
*Attorney for Phillis S. Byrge*
