UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PHILLIS S. BYRGE, on behalf of the Estate of REDDIN BYRGE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-CV-136-CCS |
| PREMIUM COAL CO. INC., *et al.,* | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 16].

Now before the Court is Defendants' Motion to Alter or Amend Judgment [Doc. 33]. Plaintiff has responded [Doc. 35] in opposition to the Motion. The Motion is ripe for adjudication. Accordingly, for the reasons set forth below, the Court finds Defendants' Motion [**Doc. 33**] not well taken, and it is **DENIED**.

**I.    BACKGROUND**

Although discussed herein to the extent relevant to the Court's analysis, the Court presumes familiarity with the facts of this case as well as the analysis in the underlying opinion. Relevant here, on March 31, 2017, the Court entered a Memorandum Opinion [Doc. 31] granting Plaintiff's Motion for Summary Judgment. A separate Judgment [Doc. 32] was also entered. Specifically, the Court found that Plaintiff was entitled to 20% additional compensation and interest on the additional compensation.

Defendants have now moved the Court, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the March 31 Judgment in this case.

## II. POSITIONS OF THE PARTIES

Defendants argue that the plain language of the Longshore and Black Lung Acts and the Department's regulations preclude a finding that the penalty in 33 U.S.C. § 914(f) applies in this case. Further, Defendants assert the prior black lung precedent holds that the Longshore Act's procedures do not supersede black lung regulations. Defendants continue that the Court's analysis equating the Longshore Act and the Black Lung program is not supported by fact or law.

Plaintiff responds [Doc. 35] that pursuant to 20 C.F.R. § 725.502(b)(2), the thirty-day grace period for payment only applies to back benefits and that regardless, the thirty-day period expired on April 4, 2013. Plaintiff submits that the ALJ's 2013 decision is the relevant "compensation order" and contained all the information that Defendants needed to initiate monthly payments to Mr. Byrge.

## III. STANDARD OF REVIEW

As mentioned above, Defendants' Motion was filed pursuant to Federal Rule Civil Procedure 59(e). Rule 59(e) provides, "A motion to alter or to amend a judgment must be filed no later than 28 days after the entry of the judgment." A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A Rule 59(e) motion is not supposed to be "used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment. *Hanson v. Madison Cnty Detention Ctr.*, No. 5:14-CV-99-REWS, 2017 WL 3022323, at *4 (E.D. Ky. July 17, 2017) (quoting *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008)).

Defendants do not specifically explain the basis for their Rule 59(e), but given the language in their Motion (i.e., the Court reached a contrary interpretation; the Court has no sound basis, and the Court's analysis is not supported by fact or law), the Court will treat the Motion as if Defendants are arguing that the Court committed clear error of law.

## IV. ANALYSIS

Defendants request that the Court reconsider as follows: (1) whether Defendants' payments were in keeping with the regulatory language setting the date the payments were due and were, therefore, timely; (2) whether prior case law, including Sixth Circuit precedent, requires this Court to follow Department of Labor's black lung rules and not Longshore rules in matters concerning the payment of benefits; (3) whether the Court's decision properly accounts for the fact that in black lung claims, but not in Longshore claims, it is necessary to coordinate a transition from payments made by the federal government in accordance with federal disability benefit program rules used in Social Security Act programs that are not designed to accommodate an immediate switch over from federal payments to private payments; and (4) whether the decision of the ALJ, the Benefits Review Board or Court provided adequate information to support an informed decision on how to pay benefits and how much to pay. [Doc. 33-1 at 3].

Defendants have asserted three primary arguments in support of their request that the Court reconsider the above. The Court will address the arguments in the order that they appear in Defendants' brief.

### A. Additional Compensation

Defendants assert that this Court stands alone in its rejection of the rational system for paying black lung benefits necessitated by the specific circumstances of the black lung program. Defendants argue that the Black Lung Benefits Act ("BLBA") expressly provides that Longshore

procedures to the extent applicable in black lung claims may be amended or abandoned. Defendants continue that when it comes to the payment of benefits, the black lung regulations do not follow the Longshore rules for many reasons. First, they assert that the black lung payment rules were originally established by the Social Security Administration ("SSA"). They assert that the SSA's disability benefits payment procedures were made applicable for the payment of black lung benefits. In addition, they assert that the black lung rules include a regulation that defines when a benefit payment following an adjudicated award becomes due and payable, 20 C.F.R. § 725.502(b). Defendants assert that no court, no ALJ, and no member of the Benefits Review Board has concluded that an employer or carrier who has complied with § 725.502(b)(2) was liable for a penalty and that the Court has no sound basis to break a new trail on this matter.

In its previous decision, the Court already noted that pursuant to 30 U.S.C. § 932(a), the Secretary of Labor is

> authorized to prescribe in the Federal Register such additional provisions, not inconsistent with those specifically excluded by this subsection, as he deems necessary to provide for the payment of benefits by such operator to persons entitled thereto as provided in this part and thereafter those provisions shall be applicable to operators.

30 U.S.C. § 932(a). The Court further noted that in exercising the above authority, the Secretary of Labor promulgated 20 C.F.R. § 725.607. This section states that if any benefits payable under an award by the district director, a decision and order filed and served by an ALJ, or a decision filed by the Board or a U.S. Court of Appeals are not paid within 10 days of being due, the operator must pay 20 percent of such unpaid benefits, unless review of the order is sought <u>and</u> an order staying payments has been issued. 20 C.F.R. § 725.607(a) (Emphasis added).

4

Defendants assert that 20 C.F.R. § 725.502(b) is clear that benefits are not due for the purposes of § 914(f) when an ALJ, Board, or Court issues an opinion but only thirty days after the district director issues his compensation. Specifically, § 725.502(b) states:

> (b)(1) While an effective order requiring the payment of benefits remains in effect, monthly benefits, at the rates set forth in § 725.520, shall be due on the fifteenth day of the month following the month for which the benefits are payable. For example, benefits payable for the month of January shall be due on the fifteenth day of February.
>
> (2) Within 30 days after the issuance of an effective order requiring the payment of benefits, the district director shall compute the amount of benefits payable for periods prior to the effective date of the order, in addition to any interest payable for such periods (see § 725.608), and shall so notify the parties. Any computation made by the district director under this paragraph shall strictly observe the terms of the order. Benefits and interest payable for such periods shall be due on the thirtieth day following issuance of the district director's computation. A copy of the current table of applicable interest rates shall be attached to the computation.

20 C.F.R. § 725.502. Contrary to Defendants' assertion, in its previous Memorandum Opinion, the Court did not hold that that benefits were due for purposes of § 914(f) when an ALJ issues an opinion or decision. Instead, the Court held as follows:

> When the ALJ issued his decision granting benefits, the Defendants were not required to immediately start paying some unknown amount. As explained below, the ALJ's compensation order does not become effective until it is filed with the district director. 33 U.S.C. § 921(a), 20 C.F.R. § 725.479(a). As noted above, 20 C.F.R. § 502(b)(2) provides that the district director has thirty days after the issuance of an order to compute the amount and notify the parties. Further, § 725.502(b)(2) states, "Any computation by the district director under this paragraph shall strictly observe the terms of the order."

[Doc. 31 at 15]. Although not entirely clear, it appears Defendants' argument is that the district director's computation is the 2015 letter. The Court has already explained its Memorandum

5

Opinion that the order granting benefits (i.e., ALJ's Order) was effective in 2013 (i.e., when it was filed with the district director) and benefits were payable thereafter. The Court finds no reason to repeat its findings herein.

Further, Plaintiff asserts that that Defendants' reading of § 725.502(b) is flawed because the regulation makes a distinction between (1) benefits that are due each month for after the effective date of an order requiring the payment of benefits (i.e., "ongoing benefits"); and (2) benefits that are due for the period before that effective date (i.e., "back benefits"). The Court agrees with Plaintiff's interpretation based on the clear language in the regulation. Further, the Court observes that Plaintiff presented this argument in her Motion for Summary Judgment. *See* [Doc. 15 at 8-9]. As Plaintiff originally explained, § 725.502(b)(1) provides that monthly benefits are due the fifteenth day of the month following the month for which the benefits are payable, or in this case March 15, 2013. [*Id.* at 8]. Plaintiff further explained that the District Director's March 4, 2013, pay order made this clear to Defendants because the letter specifically stated that the check should be issued March 15, 2013, at the rate of $983.30. [*Id.*]. Plaintiff further explained that pursuant to § 725.502(b)(2), a lump-sum reimbursement for back benefits was due on April 3, 2013. [*Id.* at 8-9]. The district director also computed this amount. [*Id.* at 9]. Defendants did not pay either amounts. Defendants' arguments do not change the Court's underlying opinion because Defendants did not pay benefits until 2015 —over two years after the benefits became due—nor did they request a stay. Accordingly, the Court finds the Defendants' argument not well taken.

2. **Prior Black Lung Precedent**

Defendants assert that prior black lung precedent holds that the Longshore Act's procedures do not supersede black lung regulations. Defendants further argue that because black

6

lung claimaints are paid interim benefits under the federal disability insurance system administered by the SSA by agreement with Department when an employer declines to pay benefits, and the SSA cannot stop payment on a dime or even in ten days, the application of Longshore Act practices to this very different payment scheme makes no sense. They assert that the DOL payment regulation makes sense, is supported by BLBA, and is clear in its requirement that payment is due thirty days after the district director computes the benefits.

Similar to the Court's explanation above, Defendants do not explain why the Court's original finding (i.e., benefits were due in 2013 as opposed to 2015) was in error. It appears that they are asserting that the Court should rely on § 725.502(b), but the Court did rely on this regulation, in addition to others. *See* [Doc. 31 at note 7]. Further, as noted above, Defendants' argument does not change the Court's underlying opinion. Finally, with respect to Defendants' argument regarding SSA administering interim payments, Plaintiff disputes Defendants' allegation. *See* [Doc. 35 at 5] ("The Social Security Administration does not manage payment of claims like Mr. Byrge's that arise under "Part C" of the Black Lung Benefits Act.").[1] Regardless, even if true, the Court agrees with Plaintiff that this is not a reason to justify Defendants' failure to pay benefits when they became due. The Court reiterates that when the ALJ issued his decision and filed it with the district director, the order granting benefits became effective, and Defendants had to start paying benefits shortly thereafter, *see* 20 C.F.R. § 725.502(b), or request a stay pending appeal. They did neither. *See also* 20 C.F.R. § 725.502(a) (explaining that benefits become due after the issuance of an "effective order" and notwithstanding a motion to reconsider or an appeal, "except that benefits shall not be considered due where the payment of such benefits has been

---

[1] To the extent that Defendants argue that such practice does not make sense, this is an argument to be made to the legislative branch, and not the judiciary.

stayed by the Benefits Review Board or appropriate court"). Accordingly, Defendants' argument is not well taken.

### 3. Court's Analysis

Defendants assert that claims under the BLBA and Longshore Act are different, primarily because black lung claims are filed long after the claimant has left employment. Defendants assert that the presence of the Trust Fund eliminates the potential loss of wages, unlike claims under the Longshore Act. Defendants argue that 20 C.F.R. § 725.502 recognizes that benefits shall become "due" after the issuance of an effective order but that the actual compensation order that triggers payments is issued by the district director pursuant to § 725.502(b)(2). Defendants continue that the payment scheme for black lung benefits requires a set of calculations based on dates of a claimant's employment, the applicate rates, the number of dependents and augmentees, potential offsets and the costs of medical and indemnity benefits to be reimbursed. Defendants assert that this is not a ministerial calculation that can be done simply because an ALJ has decided that a claimant is entitled to benefits.

As mentioned above, in its Memorandum Opinion, the Court previously explained, "When the ALJ issued his decision granting benefits, the Defendants were not required to immediately start paying some unknown amount." [Doc. 31 at 15]. The Court continued that under § 725.502(b)(2) the district director has thirty days to compute the amount and notify the parties. [*Id.*]. Further, Defendants argue, "To trigger any obligation under Section 14(f), the ALJ in Byrge's case would have had to provide the information that the district director set out in his October 28, 2015 letter. It is only with that information that defendants would know what was due." [Doc. 33-1 at 12-13]. The Court finds this argument meritless. As Plaintiff has emphasized in her brief, the information in the October 2015 letter is not materially different than the March

4, 2013 letter, by the district director. Instead, the only difference is that in 2015, Defendants owed more money to the Trust Fund because they did not pay Mr. Byre during their many appeals.

To be sure, the Court has again reviewed the March 4, 2013 letter. [Doc. 17-2]. The letter states that Defendants shall provide monthly benefits to the claimant beginning February 2013 (check to be issued March 15, 2013) at the rate of $938.30. [*Id.*]. In addition, the letter states that the operator shall reimburse the Trust Fund in the sum of $21,580.90 for the interim benefits paid to the claimant from April 2011 through February 2013. [*Id.*]. Further, the letter states that the Defendants shall pay the claimant retroactive benefits from June 2010 through March 2011 in the amount of $9,383.00. [*Id.*]. Finally, the letter explains that the employer may be subject to a 20% penalty of the amount due for the failure to pay such amount and that an appeal does not stay the penalty, unless an order staying payments has been issued by the Board or Court. [*Id.*].

The Court finds Defendants' allegation that they did not know the amount that was due, as they claim in their brief, is wholly misleading, given that the district director calculated such amount in March 2013.

## V. CONCLUSION

Accordingly, for the reasons explained above and for the reasons stated in this Court's Memorandum Opinion [Doc. 31], Defendants' Motion to Alter or Amend Judgment [**Doc. 33**] is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge